## H. S. Sisk *v.* The State.

1. **Theft — Charge of the Court.** — When evidence was admitted which, though unsatisfactory or suspicious, tended to show that the defendant took the property under an honest though mistaken belief that it was his own, the issue should have been submitted to the jury by an instruction to acquit in case they so believed from the evidence, or in case they entertained a reasonable doubt on the issue.

2. **Charge of the Court.** — Note the comment in the opinion upon unnecessary admonition to juries upon the manner in which they shall exercise their mental faculties in determining the issues submitted to them.

APPEAL from the District Court of Parker. Tried below before the Hon. A. J. Hood.

The indictment charged appellant with the theft of a cow worth $6. He was found guilty, and a fine of $497.50 assessed against him. This conviction was held by a majority

of this court to be one for the misdemeanor of driving cattle from accustomed range.    See *Sisk* v. *The State,* *ante,* p. 90.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J.    The circumstances attending the taking of the animal by appellant, his claim of ownership, supported by testimony which went to the jury, and the doubt which the jury might have entertained as to the existence of fraudulent intent or purpose in the mind of appellant with reference to the particular animal he was charged with stealing, rendered the case peculiarly one calling for an instruction from the court as to the law which should govern the jury in case they believed, or were in doubt upon the point, that appellant took the animal under an honest though mistaken claim of ownership.    The testimony of appellant's witnesses may have been suspicious, and certain *indicia* concerning the bills of sale introduced by him in evidence may have seemed to demand some explanation which was not afforded ; and yet, for the purposes of trial, the evidence was admitted as competent, after which there is but one authority, before verdict, capacitated to pass upon its credibility, and that is a jury of twelve men.    As they must receive the law from the court, and in this case were in substance so informed, it was important that they should have all the law applicable to the case distinctly set forth before them ; and no principle of law is better settled, or was more directly applicable to this particular case, than that, if the jury believed from the evidence that the appellant caused the animal to be branded, and afterwards took it into possession, honestly believing that he was the owner of the animal, then they should acquit, although the developments showed that the animal was not his, but was the property of another ; or if the evidence left their minds in a state of reasonable

doubt as to the existence of a fraudulent purpose on appellant's part at the time of the branding and taking, they should likewise have been instructed to acquit.    We find no such instruction in the charge of the court before us.

Upon an examination of the charge, we find this paragraph : —

" 5th. In this, as in all other criminal cases, it is the province of the jury to judge both of the weight of evidence and of the credibility of witnesses.   `The law, however, contemplates that juries of the country, in exercising their judgment in such matters, will act in a sensible, rational manner, and give in all cases no more and no less weight or credit than is rightfully due."

This instruction might with propriety have been omitted. While it may be true the law contemplates that juries will act in a sensible, rational manner, as they are usually selected for that important duty because of their good sense and reason and honest standing in their respective communities, yet, in the trial of a prisoner upon a charge of felony, and most especially when the evidence is conflicting, and fails to point with indubitable certainty to the guilt of the prisoner on trial, a caution to the jury of the character quoted above verges upon, if it does not altogether overstep, the distinct boundary which separates the provinces of judge and jury under our system of criminal procedure.    The law proceeds upon the assumption that juries are capable of weighing the testimony without any outside assistance, and forbids the judge from indulging in any precautionary suggestions as to how that delicate duty shall be discharged.

Because of the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*